## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TERRY TERELL CROSS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | CIVIL NO. 05-556-JLF |
| **TYAMA M. GRAY, OFFICER McNEAL,** ) | |
| **OFFICER JENKS, UNKNOWN** ) | |
| **OFFICERS, and MEARL JUSTUS,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

Plaintiff, a former detainee in the St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal for failure to state a claim.

#### COUNT 1

On July 31, 2005, Plaintiff was visiting with family in the visitation area of St. Clair County Jail. The first phone Plaintiff used was broken and he had to wait for another phone to be free so that he could actually talk to his family members. Only five minutes into his visit, Officer Gray told Plaintiff his visiting time was over. At the same time, however, Defendant Jenks told Plaintiff's sister that she would have additional time to visit with Plaintiff because of the delay over the non-functioning phone. Plaintiff protested to Defendant Gray that he had not been allowed to talk for very long and that cutting short his visit with his family was unfair. Defendant Gray replied, "you better shut up cause I am already having a bad day." Defendant Gray also used a racial slur. Plaintiff replied that Defendant Gray was "bogus." This angered Defendant Gray and he pushed Plaintiff to the floor. Defendants McNeal and Jenks, and Officer Parnell (not a defendant) and other unknown officers were also present and began punching and kicking Plaintiff as they carried him to the booking area. Defendant McNeal put his knee on Plaintiff's head and pushed it down onto the floor. Plaintiff states that he did not resist after he was on the floor so there was no need for any further use of excessive force.

Plaintiff claims that these actions constituted excessive force and violated the Eighth Amendment's prohibition against cruel and unusual punishment. The use of unconstitutional excessive force is analyzed under the cruel and unusual punishment clause. Accordingly, the Court will analyze these claims together. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause,

the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001). Although claims brought pursuant to section 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment, *see Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000), the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) without differentiation." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Based on these standards, the Court cannot dismiss Count 1 from the action at this point in the litigation.

However, a few words about Defendants are in order. Plaintiff specifies by name three defendants (Gray, McNeal, and Jenks) responsible for violating his constitutional rights, and states that other unknown defendants were also involved. While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997). However, where a Plaintiff alleges objectively serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." *See Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999). Thus, Plaintiff will be allowed to proceed against these defendants, but Plaintiff must attempt to name these individuals in a properly-filed amended complaint.

Plaintiff also names Sheriff Mearl Justus as a Defendant in the action and claims that he should have known that Defendant Gray abused his power in the jail and that therefore he is also responsible for the actions of the officers who used excessive force against the Plaintiff. "The doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981).

> A defendant "will be deemed to have sufficient personal responsibility if he directed the conduct causing the constitutional violation, or if it occurred with his knowledge or consent." *Chavez*, 251 F.3d at 652. This definition recognizes that the individual does not have to have participated directly in the deprivation. *See McPhaul v. Board of Comm'rs of Madison Co.*, 226 F.3d 558, 566 (7th Cir. 2000) (quotation omitted). Thus, a supervisor may be liable for "deliberate, reckless indifference" to the misconduct of subordinates. *See Chavez*, 251 F.3d at 651. ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")

*Sanville,* 266 F.3d at 740. Here, Plaintiff states only that Defendant Justus should have known that Defendant Gray "has a habit of verbally abusing detainees by using vulgar language" and of using threats to intimidate and provoke detainees. The Court finds that this is not sufficient under the above-cited legal standards to hold Sheriff Justus liable for the force used against Plaintiff.

Plaintiff further argues that Sheriff Justus did not properly train jail officers. He asserts that had Defendant Justus properly trained them, they would not have used force against Plaintiff. When officials are sued in their official capacity, the claim is against the entity of which that official is an agent. *See Richman v. Sheahan*, 270 F.3d 430, 439 (7th Cir. 2001). The Supreme Court has held that under certain circumstances a municipality can be held liable for its failure to train municipal

employees under *Monell's* "policy or custom" requirement. *See City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989). The failure to train municipal employees renders the municipality liable only where that failure amounts to "deliberate indifference to the rights of persons with whom the [officers] come into contact." *Id.* Specifically, "for liability to attach in this circumstance the identified deficiency in a city's training program must be closely related to the ultimate injury." *Id.* at 391. Based on these legal standards, Plaintiff's failure-to-train claim against Defendant Justus cannot be dismissed at this point in the litigation.

## COUNT 2

Plaintiff states that after this incident, he received a disciplinary report that charged him with causing a disturbance, threats, and interfering with a staff member's performance of a duty. Plaintiff states that these charges were entirely false and were fabricated to cover up the abuse by the staff.

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). However,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status. Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999). The Seventh Circuit has also recognized that,

for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Id.* at 455-56.

There is a problem, however, with Plaintiff's statement of his claim in this count. He states specifically that he was ***not*** taken to segregation for the charges, and he does not specify how, if at all, he was disciplined for these infractions, only that he was charged. Without a statement of a liberty interest lost as a result of disciplinary proceedings, the court will not go on to evaluate the

process he received.  Thus, Plaintiff has failed to state a claim on the facts presented.  Accordingly, Count 2 must be **DISMISSED** from the action without prejudice.

## DISPOSITION

Plaintiff may proceed on Count 1 of the complaint against Defendants Gray, McNeal, Jenks, and the unknown officers on the excessive force claim and against Defendant Justus on the failure-to-train claim.  Count 2 is **DISMISSED** from the action without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for the unnamed defendants within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **5** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendants Gray, McNeal, Jenks, and Justus*.  The Clerk shall forward those forms, USM-285 forms submitted by the Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendants Gray, McNeal, Jenks, and Justus* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.  *Service shall not be made on the Unknown (John Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is ADVISED that it is*

*Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.*

With respect to former employees of St. Clair County Jail who no longer can be found at the work address provided by Plaintiff, the County shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the County pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for

consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**          *s/ James L. Foreman*
**DATED:September 25, 2006.**          **DISTRICT JUDGE**

- 9 -