IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERRY TERELL CROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:05-cv-556-DRH |
| | ) | |
| TYAMA M. GRAY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the Motion to Dismiss for Lack of Prosecution (Doc. 32), filed by Defendants on November 14, 2007. For the reasons set forth below, it is **RECOMMENDED** that the Motion be **GRANTED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Plaintiff, a former detainee in the St. Clair County Jail, filed this lawsuit on August 8, 2005, alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Defendants were served with process and, thereafter, each filed answers to Plaintiff's complaint, with the last defendant filing an answer on June 25, 2007.

On November 14, 2007, Defendants filed the instant Motion to Dismiss for Lack of Prosecution pursuant to Federal Rule of Civil Procedure 41(b), alleging that Plaintiff, in violation of SDIL-LR 3.1 and the Court's September 9, 2006 Memorandum and Order, has failed to keep the Court informed of any change in his location for almost eleven months. Specifically,

Defendants point out that this Court has repeatedly had mail returned as undeliverable despite being properly addressed to Plaintiff's address of record. Defendants also allege that their mailings to Plaintiff's address of record have been returned as undeliverable. Additionally, while Plaintiff's address of record is listed as "St. Clair County Jail, 700 North 5th Street, Belleville, Illinois, 62220," Defendants produce an affidavit from Thomas Knapp, Superintendent and Chief Administrative Officer of the St. Clair County Jail, who states that after he searched department records, he determined that Plaintiff had not been confined at the St. Clair County jail since December 18, 2006 (Doc. 32-3). Defendants allege that dismissal is warranted because Plaintiff has no interest in prosecuting this action.

Plaintiff failed to respond to the motion, and the time for a response has now passed.

### CONCLUSIONS OF LAW

Rule 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P 41(b). The Court's Memorandum and Order (Doc. 9) clearly states, "Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs." (Doc. 9 at 9). Further, SDIL-LR 3.1 repeats this same language.

Plaintiff has been given ample opportunity to prosecute this case, yet it is readily apparent that Plaintiff has failed to inform the Clerk's Office, as required by SDIL-LR 3.1 and this Court's September 25, 2006 Memorandum and Order (Doc. 9), of his current address.

As a result of failing to notify the Court and opposing counsel of Plaintiff's change of address, Plaintiff has failed to timely prosecute this matter and has offered no excuse for his failure to prosecute. Further, because Plaintiff failed to respond to the motion to dismiss, the Court

treats this as an admission of the merits of the motion pursuant to SDIL-LR 7.1(c). Accordingly, this action should be dismissed.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 32) be **GRANTED**, that this matter be **DISMISSED WITH PREJUDICE** for want of prosecution, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 6, 2008**

                                         s/ *Donald G. Wilkerson*
                                         **DONALD G. WILKERSON**
                                         **United States Magistrate Judge**