IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TERRY TERELL CROSS,

    **Plaintiff,**

v.

TYAMA M. GRAY, et al.,

    **Defendants.**        Case No. 05-cv-556-DRH

## ORDER

**HERNDON, District Judge:**

This order is to address Plaintiff's claims against "Unknown Defendants." In the Court's Referral Order (Doc. 9) regarding these other unknown defendants, it stated:

> While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. **See *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997)**. However, where a Plaintiff alleges objectively serious constitutional deprivations, he or she should be allowed "a reasonable opportunity to identify unnamed defendants and amend his complaint." **See *Sanders v. Sheahan*, 198 F.3d 626, 629 (7th Cir. 1999)**. Thus, Plaintiff will be allowed to proceed against these defendants, but Plaintiff must attempt to name these individuals in a properly-filed amended complaint.

(Doc. 9, p. 3).

Plaintiff never amended his complaint to name these unknown defendants. In fact, Plaintiff's claims against the named defendants were dismissed with prejudice for failure to prosecute, pursuant to Defendants' Motion to Dismiss

(Doc. 32). The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe their complaints, ***see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)**, are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Further, an unnamed defendant cannot be served, thereby eliminating the unnamed defendant's opportunity to be put on notice of a plaintiff's claims. Even if the name of a defendant is known, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. ***See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")**.

In this case, Plaintiff never made any further attempt at naming the "Unknown Defendants." Therefore, the Court, *sua sponte*, orders that all of Plaintiff's claims against these "Unknown Defendants" in this matter be **DISMISSED WITH PREJUDICE** for failure to prosecute, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(b)**.

**IT IS SO ORDERED.**

Signed this 21st day of April, 2008.

/s/ *David R Herndon*
**Chief Judge
United States District Court**